# SUPERIOR COURT
## of the
## STATE OF DELAWARE

Jeffrey J Clark
Judge

Kent County Courthouse
38 The Green
Dover, DE 19901
Telephone (302)735-2111

May 9, 2017

Chad Ivan Daniels
319 Billy Mitchell Lane
Apartment D-202
Dover, DE 19901

Michael J. Logullo, Esq.
Rawle & Henderson, LLP
300 Delaware Avenue
Suite 1105
Wilmington, DE 19899

> **RE:** *Chad Ivan Daniels v. Dover Downs Hotel and Casino Valet Parking*
> *K17C-02-013 JJC*

Submitted: April 28, 2017
Decided: May 9, 2017

Dear Mr. Daniels & Mr. Logullo:

Before the Court is Defendant Dover Downs' (hereinafter "Dover Downs'") motion to dismiss Plaintiff Chad Ivan Daniels' (hereinafter "Mr. Daniels'") complaint pursuant to Delaware Superior Court Civil Rule 12(b)(6). For purposes of this decision, the facts are those as alleged in Mr. Daniel's first amended complaint.

Mr. Daniels' claims against Dover Downs arise from the events of January 1, 2017. On that day, Mr. Daniels went to the Dover Downs Hotel and Casino and attempted to use their valet parking. Pursuant to Mr. Daniels' platinum card membership, he was entitled to free valet parking as a capital club member. Dover Downs had advertised that free valet parking was included as a benefit for platinum

membership.

Mr. Daniels alleges that when he attempted to engage the services of a valet, he was wrongfully denied this service by an employee of Dover Downs, Jerome Wheeler. Mr. Wheeler allegedly informed Mr. Daniels that he was denied free valet parking because he had "abused the privilege," was not tipping the valets, and was being argumentative. As a result of the above, Mr. Daniels alleges he was emotionally distraught, suffered from headaches, and could not sleep at night.

In his complaint, Mr. Daniels sues for "[j]udgment, false add, pain an suffering [sic]." After considering the complaint and the arguments of the parties on April 28, 2017, the Court assumes that Mr. Daniels is contending that Dover Downs breached its platinum club card membership contract.

Dover Downs argues that dismissal is warranted for improper service of process and also argues that Mr. Daniels' complaint named the improper Dover Downs entity as a party. It further argues that dismissal is warranted because Mr. Daniels' complaint failed to comply with the procedural rules of pleading: specifically, failing to number complaint paragraphs according to Superior Court Civil Rule 10(b); and failing to refrain from specifying the amount of damages, pursuant to Superior Court Civil Rule 9(g). Dover Downs also alleges that dismissal is warranted because of Mr. Daniels' failure to file Answers to Form 30 interrogatories and failing to file documents relating to special damages, pursuant to Superior Court Civil Rule 3(h). Finally, Dover Downs argues dismissal is warranted because of Mr. Daniels' failure to make a claim upon which relief may be granted, because the complaint fails to set forth any legal theory supporting the damages sought.

Pursuant to a motion to dismiss under Rule 12(b)(6), the Court accepts as true all well-pleaded allegations in the complaint, and must view all inferences in the light

most favorable to the plaintiff.[1]  In order to dismiss a complaint under Rule 12(b)(6), the Superior Court must determine that the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint.[2]

Mr. Daniels appears *pro se*.  *Pro se* pleadings may be judged by a "less stringent standard" than those filed by an attorney.[3]  In the exercise of its discretion, the Court may look to the substance of the *pro se* litigant's filings rather than rejecting them for formal defects.[4]  Furthermore, the pleading threshold in Delaware is low: the complaint need only put "the opposing party on notice of the claim being brought against it."[5]  However, there are limits to the Court's leniency: simply by proceeding *pro se*, a plaintiff is not relieved of his burden of alleging sufficient facts, which, if proven, would demonstrate to the Court his entitlement to relief.[6]

For a plaintiff's claim of breach of contract to survive a motion to dismiss, a plaintiff must "demonstrate: first, the existence of the contract, whether express or implied; second, the breach of an obligation imposed by that contract; and third, the

---

[1] *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978).

[2] *Hedenberg v. Raber*, 2004 WL 2191164 at *1 (Del. Super. Ct. Aug. 20, 2004).

[3] *Johnson v. State*, 442 A.2d 1362, 1364 (Del. 1982).

[4] *City of Wilm. v. Flamer*, 2013 WL 4829585, at *4 (Del. Super. Ct. May 22, 2013) (*citing Sloan v. Segal*, 2008 WL 81513, at *7 (Del. Ch. Jan. 3, 2008)).

[5] *VLIW Tech., LLC v. Hewlett–Packard Co.*, 840 A.2d 606, 611 (Del. 2003).

[6] *Browne v. Saunders*, 768 A.2d 467 (Del. 2001); *Thornton v. Bernard Techs., Inc.*, 2009 WL 426179, at *1 (Del. Ch. Feb. 20, 2009).

resultant damage to the plaintiff."[7]

Here, Mr. Daniels' complaint fails to adequately allege one of the essential elements of breach of contract: resultant damage to the plaintiff. There are no reasonably conceivable set of circumstances susceptible of proof under the complaint that would justify recovery of personal injury damages for this breach of contract claim. Mr. Daniels' initial complaint informs the Court that he is suing for $700,000 for pain and suffering.[8] However, damages for emotional distress are not available for breach of contract in the absence of physical injury or intentional infliction of emotional distress.[9] Here, Mr. Daniels has not alleged that he suffered physical injury based directly upon the alleged denial of services. Furthermore, he has not alleged, nor do the facts alleged suggest, a cognizable claim for intentional infliction of emotional distress.[10] The Court cannot relieve Mr. Daniels of his obligation to put Dover Downs on notice of claims being brought against it.[11] This includes notice of the nature of the harm allegedly done to him. The Court must therefore dismiss the breach of contract claim.

Since the Court finds that the complaint should be dismissed for failure to state

---

[7] *VLIW Tech*, 840 A.2d at 612.

[8] Mr. Daniels also attempted to file a Second Amended Complaint, without leave of Court, after Dover Downs filed its motion to dismiss. In any event, the Second Amended Complaint does nothing to remedy this deficiency since it merely further delineates what type of personal injury harm Mr. Daniels alleges.

[9] *E.I. DuPont de Nemours & Co. v. Pressman*, 679 A.2d 436, 444 (Del. 1996).

[10] "It is the Court's responsibility to determine whether the alleged conduct is so extreme and outrageous as to permit recovery under the theory of intentional infliction of emotional distress." *Fahey-Hosey v. Capano*, 1999 WL 743985, at *2 (Del. Super. Ct. Aug. 31, 1999).

[11] *VLIW Tech*, 840 A.2d at 611.

4

a claim on which relief may be granted, it need not reach Dover Downs' other arguments for why dismissal is warranted. For the foregoing reasons, Dover Downs' Motion to Dismiss pursuant to Superior Court Rule 12(b)(6) is **GRANTED**.

    **IT IS SO ORDERED.**

/s/Jeffrey J Clark
Judge
